# UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

JOANNA CITRON DAY, DC #477833
Environmental Enforcement Section
U.S. Department of Justice
601 D Street, N.W., Room 2121
Washington, D.C.  20004
Telephone No.: (202) 514-3394
Facsimile No.: (202) 514-0097
Email: joanna.day@usdoj.gov
*Attorney for the United States of America*

KEVIN J. BEATON
Stoel Rives LLP
101 S. Capitol Blvd., Ste. 1900
Boise, ID  83702
Telephone No.: (208) 387-4214
Facsimile No.: (208) 389-9040
Email: kevin.beaton@stoel.com
*Attorney for Potlatch Corporation and
Potlatch Land & Lumber LLC*

UNITED STATES OF AMERICA,

*Plaintiff,*

v.

POTLATCH CORPORATION and
POTLACH LAND & LUMBER, LLC

*Defendants.*

**CONSENT DECREE**

Civil Action No. 1:18-cv-0069-CWD

## TABLE OF CONTENTS

I.      BACKGROUND ................................................................................................ 1

II.     JURISDICTION ............................................................................................... 2

III.    PARTIES BOUND ........................................................................................... 2

IV.     DEFINITIONS.................................................................................................. 2

V.      PAYMENT OF PAST RESPONSE COSTS.................................................... 5

VI.     FAILURE TO COMPLY WITH CONSENT DECREE .................................. 6

VII.    COVENANTS BY PLAINTIFF ...................................................................... 8

VIII.   RESERVATIONS OF RIGHTS BY UNITED STATES ................................. 8

IX.     COVENANTS BY SETTLING DEFENDANTS ............................................ 9

X.      EFFECT OF SETTLEMENT/CONTRIBUTION ........................................... 10

XI.     ACCESS TO INFORMATION ....................................................................... 12

XII.    RETENTION OF RECORDS .......................................................................... 14

XIII.   NOTICES AND SUBMISSIONS ................................................................... 15

XIV.    RETENTION OF JURISDICTION.................................................................. 16

XV.     INTEGRATION/APPENDICES ..................................................................... 16

XVI.    LODGING AND OPPORTUNITY FOR PUBLIC COMMENT .................... 17

XVII.   SIGNATORIES/SERVICE.............................................................................. 17

XVIII.  FINAL JUDGMENT ....................................................................................... 18

## I.     BACKGROUND

A.     The United States of America ("United States"), on behalf of the Administrator of the U.S. Environmental Protection Agency ("EPA") and the Secretary of the U.S. Department of Transportation ("DOT"), filed a Complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607, seeking reimbursement of past response costs incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the Avery Landing Superfund Site located about one mile west of the town of Avery in Shoshone County, Idaho ("the Site").

B.     The defendants, Potlatch Corporation and Potlatch Land & Lumber, LLC (together "Settling Defendants"), that have entered into this Consent Decree do not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the complaint.

C.     The United States and Settling Defendants agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter without further litigation and without the admission or adjudication of any issue of fact or law is appropriate and will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Consent Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II.    JURISDICTION

1.      This Court has jurisdiction over the subject matter of this action pursuant to

28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b), and also has personal

jurisdiction over Settling Defendants. Solely for the purposes of this Consent Decree and the

underlying Complaint, Settling Defendants waive all objections and defenses that they may

have to jurisdiction of the Court or to venue in this District. Settling Defendants shall not

challenge entry or the terms of this Consent Decree or this Court's jurisdiction to enter and

enforce this Consent Decree.

## III.    PARTIES BOUND

2.      This Consent Decree is binding upon the United States, and upon Settling

Defendants and their successors, and assigns. Any change in ownership or corporate or

other legal status, including but not limited to, any transfer of assets or real or personal

property, shall in no way alter the status or responsibilities of Settling Defendants under this

Consent Decree.

## IV.    DEFINITIONS

3.      Unless otherwise expressly provided in this Consent Decree, terms used in

this Consent Decree that are defined in CERCLA or in regulations promulgated under

CERCLA shall have the meanings assigned to them in CERCLA or in such regulations.

Whenever terms listed below are used in this Consent Decree or its appendices, the

following definitions shall apply:

"CERCLA" shall mean the Comprehensive Environmental Response,

Compensation, and Liability Act, 42 U.S.C. §§ 9601-9675.

2

"Complaint" shall mean the Complaint filed by the United States in this action.

"Consent Decree" shall mean this Consent Decree and all appendices attached hereto. In the event of conflict between this Consent Decree and any appendix, the Consent Decree shall control.

"Day" or "day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal or State holiday, the period shall run until the close of business of the next working day.

"DOJ" shall mean the U.S. Department of Justice and its successor departments, agencies, or instrumentalities.

"DOT" shall mean the United States Department of Transportation and its successor departments, agencies, or instrumentalities.

"Effective Date" shall mean the date upon which the approval of this Consent Decree is recorded on the Court's docket.

"EPA" shall mean the U.S. Environmental Protection Agency and its successor departments, agencies, or instrumentalities.

"EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

"Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest

3

is subject to change on October 1 of each year. Rates are available online at https://www.epa.gov/superfund/superfund-interest-rates.

"National Contingency Plan" or "NCP" shall mean the National Oil and Hazardous Substances Pollution Contingency Plan promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, codified at 40 C.F.R. Part 300, and any amendments thereto.

"Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

"Parties" shall mean the United States and Settling Defendants.

"Past Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that EPA, DOT, or DOJ on behalf of EPA or DOT has paid at or in connection with the Site through the Effective Date, plus accrued Interest on all such costs through such date.

"Plaintiff" shall mean the United States.

"RCRA" shall mean the Solid Waste Disposal Act, as amended, 42 U.S.C. §§ 6901-6992 (also known as the Resource Conservation and Recovery Act).

"Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

"Settling Defendants" shall mean Potlatch Corporation and Potlatch Land & Lumber, LLC.

"Site" shall mean the Avery Landing Superfund Site located approximately one mile west of the town of Avery in Shoshone County, Idaho, and generally shown on the map included as Exhibit A in the Complaint.

"United States" shall mean the United States of America and each department, agency, and instrumentality of the United States, including EPA and DOT.

## V.   PAYMENT OF PAST RESPONSE COSTS

4.      **Payment by Settling Defendants of Past Response Costs**. Within 30 days after the Effective Date, Settling Defendants shall pay six million dollars ($6,000,000) to the United States.  Four million dollars ($4,000,000) of the total amount to be paid pursuant to Paragraph 4 shall be deposited by EPA in the EPA Hazardous Substance Superfund.  Two million dollars ($2,000,000) of the total amount paid pursuant to Paragraph 4 shall be deposited by the Federal Highway Administration ("FHWA"), on behalf of DOT, into the Western Federal Lands Highway Division for deposit in the Forest Highway program account.

5.      Payment shall be made at https://www.pay.gov or by FedWire Electronic Funds Transfer to the United States Department of Justice account in accordance with instructions, including a Consolidated Debt Collection System ("CDCS") number, to be provided by the Financial Litigation Unit (FLU") of the United States Attorney's Office for the District of Idaho.

6.      The FLU will provide the payment instructions to:

Lorrie D. Scott
Vice President, General Counsel & Corporate Secretary
Potlatch Corporation

5

601 W 1st Ave., Suite 1600
Spokane, WA 99201
Tel. (509) 835-1523
Fax (509) 343-2809
lorrie.scott@potlatchcorp.com

on behalf of Settling Defendants. Settling Defendants may change the individual to receive

payment instructions on their behalf by providing written notice of such change to DOJ,

EPA, and DOT in accordance with Section XIIII (Notices and Submissions).

7.     **Notice of Payment**. At the time of payment, Settling Defendants shall send

notice that payment has been made to DOJ, EPA, and DOT in accordance with Section XIII

(Notices and Submissions).  Such notice shall reference the CDCS Number, Site/Spill ID

Number 10FT, and DJ Numbers 90-11-3-11166 (EPA)/90-11-3-111294 (DOT).

## VI.     FAILURE TO COMPLY WITH CONSENT DECREE

8.     **Interest on Late Payment**. If Settling Defendants fail to make the payment

under Paragraph 4 above (Payment by Settling Defendants of Past Response Costs), by the

required due date, Interest shall accrue on the unpaid balance from the date that payment

was due through the date of payment.

9.     **Stipulated Penalty**

a.     If any of the amount due to the United States under Paragraph 4

above (Payment by Settling Defendants of Past Response Costs), is not paid by the required

date, Settling Defendants shall be in violation of this Consent Decree and shall pay to the

United States, as a stipulated penalty, in addition to the Interest required by Paragraph 8

(Interest on Late Payment) above, ten thousand ($10,000) per violation per day that such

payment is late.

6

b. Stipulated penalties are due and payable within 30 days after the date of the demand for payment of the penalties by the United States. All payments to the United States under this Paragraph shall be identified as "stipulated penalties" and shall be made by FedWire EFT as provided in Paragraphs 4 and 5 above.

c. At the time of payment, Settling Defendants shall send notice that payment has been made to EPA and DOJ as provided in Paragraph 7 (Notice of Payment) above.

d. Penalties shall accrue as provided in this Paragraph regardless of whether the United States has notified Settling Defendants of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment.

10. If the United States brings an action to enforce this Consent Decree, Settling Defendants shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

11. Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendants' failure to comply with the requirements of this Consent Decree.

12. The obligations of Settling Defendants to pay amounts owed the United States under this Consent Decree are joint and several. In the event of the insolvency of any Settling Defendant or the failure by any Settling Defendant to make the payments required

7

under this Consent Decree, the remaining Settling Defendant shall be responsible for such payments.

13.    Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse Settling Defendants from payment as required by Section V (Payment of Past Response Costs) or from performance of any other requirements of this Consent Decree.

## VII.    COVENANTS BY PLAINTIFF

14.    **Covenants for Settling Defendants by United States**. Except as specifically provided in Section VIII (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against Settling Defendants pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a) to recover Past Response Costs. These covenants shall take effect upon the Effective Date. These covenants are conditioned upon the satisfactory performance by Settling Defendants of their obligations under this Consent Decree. These covenants extend only to Settling Defendants and do not extend to any other person.

## VIII.   RESERVATIONS OF RIGHTS BY UNITED STATES

15.    The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendants with respect to all matters not expressly included within Paragraph 14 (Covenants for Settling Defendants by United States) above. Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Settling Defendants with respect to:

8

a.    liability for failure of Settling Defendants to meet a requirement of this Consent Decree;

b.    liability for costs incurred or to be incurred by the United States that are not within the definition of Past Response Costs;

c.    liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606;

d.    criminal liability; and

e.    liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments.

## IX.    COVENANTS BY SETTLING DEFENDANTS

16.    **Covenants by Settling Defendants**. Settling Defendants covenant not to sue and agree not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to Past Response Costs and this Consent Decree, including but not limited to:

a.    any direct or indirect claim for reimbursement from the EPA Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b.    any claim arising out of the response actions at the Site for which the Past Response Costs were incurred, including any claim under the United States

Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, or at common law; or

        c.     any claim pursuant to Section 107 or 113 of CERCLA, 42 U.S.C. § 9607 or 9613, Section 7002(a) of RCRA, 42 U.S.C. § 6972(a), for Past Response Costs.

17.     Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

## X.     EFFECT OF SETTLEMENT/CONTRIBUTION

18.     Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Except as provided in Section VIII (Covenants by Settling Defendants), each of the Parties expressly reserves any and all rights (including, but not limited to, pursuant to Section 113 of CERCLA, 42 U.S.C. § 9613), defenses, claims, demands, and causes of action that it may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto. Nothing in this Consent Decree diminishes the right of the United States, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), to pursue any such persons to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

19.     The Parties agree, and by entering this Consent Decree this Court finds, that this Consent Decree constitutes a judicially-approved settlement pursuant to which each Settling Defendant have, as of the Effective Date, resolved liability to the United States

within the meaning of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and is

entitled, as of the Effective Date, to protection from contribution actions or claims as

provided by Section 113(f)(2) of CERCLA, or as may be otherwise provided by law, for the

"matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree

are Past Response Costs.

20.     The Parties further agree, and by entering this Consent Decree this Court

finds, that the complaint filed by the United States in this action is a civil action within the

meaning of Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), and that this Consent

Decree constitutes a judicially-approved settlement pursuant to which each Settling

Defendant has, as of the Effective Date, resolved liability to the United States within the

meaning of Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B).

21.     Each Settling Defendant shall, with respect to any suit or claim brought by it

for matters related to this Consent Decree, notify EPA, DOJ and DOT in writing no later

than 60 days prior to the initiation of such suit or claim. Each Settling Defendant also shall,

with respect to any suit or claim brought against it for matters related to this Consent

Decree, notify EPA, DOJ and DOT in writing within 10 days after service of the complaint

or claim upon it. In addition, each Settling Defendants shall notify EPA, DOJ and DOT

within 10 days after service or receipt of any Motion for Summary Judgment, and within 10

days after receipt of any order from a court setting a case for trial, for matters related to this

Consent Decree.

22.     In any subsequent administrative or judicial proceeding initiated by the

United States for injunctive relief, recovery of response costs, or other relief relating to the

Site, Settling Defendants shall not assert, and may not maintain, any defense or claim based

11

upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenants by Plaintiff set forth in Section VII above.

## XI.   ACCESS TO INFORMATION

23.     Settling Defendants shall provide to EPA, upon request, copies of all records, reports, documents, and other information (including records, reports, documents, and other information in electronic form) (hereinafter referred to as "Records") within their possession or control or that of their contractors or agents relating to activities at the Site, including, but not limited to, sampling, analysis, chain of custody records, manifests, trucking logs, receipts, reports, sample traffic routing, correspondence, or other documents or information regarding the Site.

24.     **Privileged and Protected Claims**

a.     Settling Defendants may assert that all or part of a Record is privileged or protected as provided under federal law, provided they comply with Paragraph 24.b, and except as provided in Paragraph 24.c below.

b.     If Settling Defendants assert a claim of privilege or protection, they shall provide Plaintiff with the following information regarding such Record: its title; its date; the name, title, affiliation (e.g., company or firm), and address of the author, each addressee, and of each recipient; a description of the Record's contents; and the privilege or protection asserted. If a claim of privilege or protection applies only to a portion of a

12

Case 1:18-cv-00069-CWD   Document 2-1   Filed 02/12/18   Page 15 of 25

Record, Settling Defendants shall provide the Record to Plaintiff in redacted form to mask the privileged or protected information only. Settling Defendants shall retain all Records that they claim to be privileged or protected until the United States has had a reasonable opportunity to dispute the privilege or protection claim and any such dispute has been resolved in the Settling Defendants' favor.

        c.        Settling Defendants may make no claim of privilege or protection regarding:

        (1)        any data regarding the Site, including but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, radiological, or engineering data, or the portion of any other Record that evidences conditions at or around the Site; or

        (2)        the portion of any Record that Settling Defendants are required to create or generate pursuant to this Consent Decree.

25.      **Business Confidential Claims**. Settling Defendants may assert that all or part of a Record submitted to Plaintiff under this Section or Section XII (Retention of Records) is business confidential to the extent permitted by and in accordance with § 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. 2.203(b). Settling Defendants shall segregate and clearly identify all Records or parts thereof submitted under this Consent Decree for which Settling Defendants assert a business confidentiality claim. Records that Settling Defendants claim to be confidential business information will be accorded the protection specified in 40 C.F.R. Part 2, Subpart B. If no claim of confidentiality accompanies Records when they are submitted to EPA, or if EPA has notified Settling

Defendants that the Records are not confidential under the standards of Section 104(e)(7) of CERCLA or 40 C.F.R. Part 2 Subpart B, the public may be given access to such Records without further notice to Settling Defendants.

26.     Notwithstanding any provision of this Consent Decree, the United States retains all of its information gathering and inspection authorities and rights, including enforcement actions related thereto, under CERCLA, RCRA, and any other applicable statutes or regulations.

## XII.   RETENTION OF RECORDS

27.     Until 10 years after the Effective Date, each Settling Defendant shall preserve and retain all non-identical copies of Records now in its possession or control or that come into its possession or control, that relate in any manner to its liability under CERCLA with respect to the Site, provided, however, that Settling Defendant(s) who is/are potentially liable as owners or operators of the Site must retain, in addition, all Records that relate to the liability of any other person under CERCLA with respect to the Site. Each of the above record retention requirements shall apply regardless of any corporate retention policy to the contrary.

28.     At the conclusion of the record retention period, Settling Defendant(s) shall notify EPA and DOJ at least 90 days prior to the destruction of any such Records, and, upon request by EPA or DOJ, and except as provided in Paragraph 24 (Privileged and Protected Claims), Settling Defendants shall deliver any such Records to EPA.

29.     Each Settling Defendant certifies individually that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded,

14

destroyed or otherwise disposed of any Records (other than identical copies) relating to its

potential liability regarding the Site since notification of potential liability by the United

States and that it has fully complied with any and all EPA requests for information

regarding the Site pursuant to Sections 104(e) and 122(e)(3)(B) of CERCLA, 42 U.S.C.

§§ 9604(e) and 9622(e)(3)(B), and Section 3007 of RCRA, 42 U.S.C. § 6927.

## XIII.   NOTICES AND SUBMISSIONS

30.     Whenever, under the terms of this Consent Decree, notice is required to be

given or a document is required to be sent by one party to another, it shall be directed to the

individuals at the addresses specified below, unless those individuals or their successors

give notice of a change to the other Parties in writing. Except as otherwise provided, notice

to a Party by email (if that option is provided below) or by regular mail in accordance with

this Section satisfies any notice requirement of the Consent Decree regarding such Party.

**As to DOJ by email**:          eescdcopy.enrd@usdoj.gov
                             Re: DJ# 90-11-3-11166/DJ# 90-11-3-111294


**As to DOJ by mail**:           EES Case Management Unit
                             U.S. Department of Justice
                             Environment and Natural Resources Division
                             P.O. Box 7611
                             Washington, D.C. 20044-7611
                             Re: DJ# 90-11-3-11166/DJ# 90-11-3-111294


**As to DOT**:                   Rayann L. Speakman
                             Division Counsel
                             Western Federal Lands Highway Administration
                             Federal Highway Administration
                             610 E. Fifth Street
                             Vancouver, WA 98661
                             Rayann.Speakman@dot.gov

**As to EPA:**                   Richard D. Mednick
                                 Associate Regional Counsel
                                 U.S. EPA, Region 10
                                 1200 Sixth Avenue, Suite 900
                                 Seattle, Washington 98101
                                 mednick.richard@epa.gov

**As to Settling Defendants:**   Lorrie D. Scott
                                 Vice President, General Counsel & Corporate Secretary
                                 Potlatch Corporation
                                 601 W 1st Ave., Suite 1600
                                 Spokane, WA 99201
                                 lorrie.scott@potlatchcorp.com

                                 Kevin J. Beaton
                                 Stoel Rives LLP
                                 101 S. Capitol Blvd., Ste. 1900
                                 Boise, ID  83702
                                 Email: kevin.beaton@stoel.com

## XIV.   RETENTION OF JURISDICTION

31.    This Court shall retain jurisdiction over this matter for the purpose of

interpreting and enforcing the terms of this Consent Decree.

## XV.   INTEGRATION/APPENDICES

32.    This Consent Decree and its appendices constitute the final, complete and

exclusive agreement and understanding among the Parties with respect to the settlement

embodied in this Consent Decree. The Parties acknowledge that there are no representations,

agreements, or understandings relating to the settlement other than those expressly

contained in this Consent Decree. The following appendices are attached to and

incorporated into this Consent Decree: "Appendix A" is a map of the Site.

## XVI.   LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

33.     This Consent Decree shall be lodged with the Court for a period of at least

30 days for public notice and comment. The United States reserves the right to withdraw or

withhold its consent if the comments regarding the Consent Decree disclose facts or

considerations that indicate that this Consent Decree is inappropriate, improper, or

inadequate. Settling Defendants consent to the entry of this Consent Decree without further

notice.

34.     If for any reason this Court should decline to approve this Consent Decree in

the form presented, this agreement is voidable at the sole discretion of any Party and the

terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVII.   SIGNATORIES/SERVICE

35.     Each undersigned representative of a Settling Defendant and the Assistant

Attorney General, U.S. Department of Justice, Environment and Natural Resources

Division, certifies that he or she is authorized to enter into the terms and conditions of this

Consent Decree and to execute and bind legally such Party to this document.

36.     Each Settling Defendant agrees not to oppose entry of this Consent Decree

by this Court or to challenge any provision of this Consent Decree, unless the United States

has notified Settling Defendants in writing that the United States no longer supports entry of

the Consent Decree.

37.     Each Settling Defendant shall identify, on the attached signature page, the

name and address of an agent who is authorized to accept service of process by mail on

behalf of that Party with respect to all matters arising under or relating to this Consent

Decree. Settling Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons. The Parties agree that Settling Defendants need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XVIII. FINAL JUDGMENT

38.    Upon entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between and among the United States and the Settling Defendants. The Court enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS 10ᵀᴴ DAY OF April , 2018 .

United States District Judge

Signature Page for Consent Decree Regarding Avery Landing Superfund Site

## FOR THE UNITED STATES OF AMERICA:

2/9/18
Dated

JEFFREY H. WOOD
Acting Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Washington, D.C. 20530/20044-7611

JOANNA CITRON DAY
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Washington, D.C. 20044-7611

BART M. DAVIS
United States Attorney
District of Idaho

CHRISTINE G. ENGLAND
Assistant United States Attorney
District of Idaho
Washington Group Plaza IV
800 East Park Boulevard, Suite 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE:   (208) 334-1414
Email: Christine.England@usdoj.gov

Signature Page for Consent Decree Regarding Avery Landing Superfund Site

**FOR THE ENVIRONMENTAL PROTECTION AGENCY:**

DEC 1 2 2017
_____
Dated

Sheryl Bilbrey
Director
Office of Environmental Cleanup, Region 10
U.S. Environmental Protection Agency
1200 Sixth Avenue, Suite 900, M/S ECL-122
Seattle, Washington 98101


Richard D. Mednick
Associate Regional Counsel
U.S. Environmental Protection Agency
Region 10
1200 Sixth Avenue, Suite 900, M/S ORC-113
Seattle, Washington 98101

20

Signature Page for Consent Decree Regarding Avery Landing Superfund Site

**FOR THE DEPARTMENT OF TRANSPORTATION:**

*12 - 15 - 17*
Dated

Sandra L. Otto
Division Director
Western Federal Lands Highway Administration
Federal Highway Administration
610 E. Fifth Street
Vancouver, WA 98661

Rayann L. Speakman
Division Counsel
Federal Highway Administration
Western Federal Lands Highway Division
610 E. Fifth Street
Vancouver, WA 98661

21

Signature Page for Consent Decree Regarding Avery Landing Superfund Site

**FOR POTLATCH CORPORATION:**

12-4-17

Dated

Name:       Michael J. Covey
Title:        Chairman and Chief Executive
             Officer
Address:    601 W 1st Ave., Suite 1600
             Spokane, WA 99201

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name:       CT Corporation System
Title:        Registered Agent
Address:    921 S. Orchard St., Suite G
             Boise, ID  83705
Phone:      (208) 391-8060

Signature Page for Consent Decree Regarding Avery Landing Superfund Site

## FOR POTLATCH LAND &LUMBER, LLC:

12-4-17
Dated

| | |
|---|---|
| Name: | Michael J. Covey |
| Title: | Chairman and Chief Executive Officer |
| Address: | 601 W 1st Ave., Suite 1600 |
| | Spokane, WA 99201 |

Agent Authorized to Accept Service on Behalf of Above-signed Party:

| | |
|---|---|
| Name: | CT Corporation System |
| Title: | Registered Agent |
| Address: | 921 S. Orchard St., Suite G |
| | Boise, ID 83705 |
| Phone: | (208) 391-8060 |

23